May Term,
1860.

HAGGARD and Others *v.* HAWKINS and Others.

HAGGARD
v.
HAWKINS.

The case of *The Board, &c.,* v. *Spitler,* 13 Ind. R. 235, decides most of the points made in this case.

The changing of the boundaries of existing counties, is a matter properly connected with the subject of forming new counties out of those existing.

APPEAL from the *Lawrence* Circuit Court.

Monday,
June 4.

PERKINS, J.—A petition was presented to the board of commissioners of *Lawrence* county for a change of the boundary between that county and *Jackson.* A remonstrance was also filed. At the second term after the filing, the commissioners entered an order upon their record making the change.

An appeal was taken to the Circuit Court. In that Court the proceedings were dismissed, on the ground that the statute under which they were instituted, was unconstitutional. Acts 1857, p. 25.

All the objections urged against the act in this case, or nearly all, were presented and held invalid in *The Board, &c.,* v. *Spitler,* 13 Ind. R. 235.

That case arose upon the section of the act authorizing the formation of new counties out of those existing.

This case arises upon the second section of the act, which authorized the changing of the boundaries of existing counties.

It is claimed that the second section is not properly embraced in the same act with the first. But we have no doubt that the changing of the boundaries of existing counties, is a matter properly connected with the subject of forming new counties out of those existing, which might render many equalizing changes proper, and, therefore, might have been incorporated in the act under the first branch of the title; as it was not necessary to specify properly connected matters in the title. But such specification does no harm. And it is probable, though we have not considered the point, that the formation and fixation of counties and boundaries, is properly one legislative subject.

May Term,
1860.

THE STATE
v.
RABOURN.

The second section of the ·act is constitutional; and when proceedings under it have taken place in *Jackson* and *Lawrence* counties, ordering the proposed boundary, it will become the boundary of the counties, to its extent.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for further proceedings.

*T. R. Cobb* and *N. F. Malott,* for the appellants.

*W. T. Otto* and *L. D. Pierson,* for the appellees.

